**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RUTH CHOATE,<br>808 Chatsworth Drive<br>Accokeek, MD 20607<br>Plaintiff, | ) |
| v. | ) |
| HOWARD UNIVERSITY EMPLOYEES<br>RETIREMENT PLAN<br>Benefits and Pension Administration<br>2244 10th Street, NW, Suite 422<br>Washington, D.C. 20059 | ) |
| and | ) |
| HOWARD UNIVERSITY<br>RETIREMENT PLAN COMMITTEE<br>2244 10th Street, NW, Suite 422<br>Washington, D.C. 20059<br>Defendants | ) |

**COMPLAINT FOR BENEFITS AND BREACH OF FIDUCIARY DUTY UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**

Ruth Choate ("Plaintiff") initiates this action to seek redress for herself against Howard University ("Howard"), plan sponsor and administrator for the Howard University Retirement Plan ("Plan") (collectively "Defendants") for unlawful violation of the Employee Retirement Income Security Act ("ERISA"). Specifically, the violations include failure to respond to Plaintiff's appeal of the denial of benefits timely filed with the Plan and failure to properly calculate the benefits and interest due to her when it began paying benefits to Plaintiff. As a result, Plaintiff asserts that she is entitled to: (1) payment of the benefit properly calculated to include all years of service in accordance with the terms of the plan under ERISA §

502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), and (2) an award of interest for failure to timely pay the pension benefit,(3) penalties for failure to timely respond to Plaintiff's document requests, and (4) such equitable remedies under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) to redress Defendants breach of their fiduciary duties in failing to administer the plan consistent with the governing plan documents, as required under ERISA § 404(a)(1)(D).

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the subject matter of this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1132(e)(1), and 28 U.S.C. § 1331.
2. Venue is proper in this Court under 29 U.S.C. § 1132(e) because the Plan is administered in this district, and Defendants conducts business in this district, and the Plaintiff resides and/or conduct business in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.
4. Plaintiff has exhausted the administrative remedies under the plan when she filed her appeal of the benefits calculation by Defendants on February 9, 2016.
5. Defendants never responded to Plaintiff's appeal and is therefore deemed denied.

## THE PARTIES

6. Plaintiff resides in the Accokeek Maryland.
7. Defendant is located in the District of Columbia and the Howard University Employees' Retirement Plan is administered in the District of Columbia.

8. Howard University sponsors the Howard University Employees' Retirement Plan ("Plan"), which is an "employee benefit plan" as defined in ERISA § 3(3), 29 U.S.C. §1002(3), and an "employee retirement benefit plan" as defined in ERISA § 3(1)(B), 29 U.S.C. §1002(2)(A).
9. Howard University is the "plan sponsor" of the Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. §1002(16)(B).
10. On information, Howard University is the Plan Administrator and therefore a "fiduciary" of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. §1002(21)(A).
11. As the Plan Administrator, Defendants were responsible for responding to requests for
12. As the Plan Administrator, Defendants exercise discretion and control when determining a participant's pension calculation, annuity starting date, and survivor benefits.
13. Howard is a "fiduciary" within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A).

## FACTUAL ALLEGATIONS

14. Plaintiff was married to Ronald Choate until his death on October 26, 2000.
15. Ronald Choate was an Account Executive and member of the sales team at WHUR-FM, a radio station owned and operated by Howard, from November 18, 1974 until February 19, 1987, when he became a Stringer, Account Executive and was paid on commission and not salary.
16. Mr. Choate continued his employment until February 1987.
17. Ronald Choate had vested under the Plan and was a deferred pensioner when he separated from Howard.
18. Ms. Choate contacted the Plan seeking the spousal benefits to which she was entitled shortly after her husband's death.

19. On March 6, 2001, Ms. Choate supplemented her verbal communications to the Plan by sending a letter to Howard University requesting access to the benefits to which she was entitled.

20. Ms. Choate received no response to this letter, but was told verbally that she was not entitled to benefits under the Plan.

21. In June of 2015, Ms. Choate had cause to reach out to Howard University, again seeking her spousal benefits.

22. In response to her renewed request, Defendants sent Ms. Choate a check which appeared to represent her spousal benefits.

23. On November 20, 2015, Defendants issued to Ms. Choate a lump sum payment of $2,182.26.

24. Defendants provided a written explanation about the time period the check covered, reflecting annuity calculations commencing June 1, 2015, the date of Ms. Choate's June 2015 request for benefits, not the date of Mr. Choate's retirement.

25. Defendants also included a document that reflected a calculation of Mr. Choate's pension.

26. The calculation did not reflect any of Mr. Choate's income for calendar years 1985, 1986 or 1987, notwithstanding the fact that Mr. Choate was still employed during those years.

27. Defendants did not provide Ms. Choate with an explanation of its appeals procedure or her right to file an appeal or when such appeal must be filed.

28. On December 15, 2015, Plaintiff's counsel followed up Plaintiff's original requests for plan documents with a formal letter outlining the specific material that Plaintiff was seeking, including, but not limited to the Plan document and amendments thereto, the summary plan description, benefit calculations, and all materials used in the administration of the plan and

calculation of the benefits.

29. On or about December 17, 2015, Defendants sent a copy of the Plan document and Mr. Choate's personnel file.

30. However, no Plan Amendments, SPD, Annual Report, SMM, Trust Agreement, Contract or Collective Bargaining Agreement was produced.

31. On December 22, 2015, Plaintiff's counsel directed a second letter requesting these and other documents an administrator must provide, in accordance with ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).

32. As of the filing of this complaint, Defendants have failed to respond to this request.

33. On information and belief, Ms. Choate was entitled to a survivor annuity which would have been adjusted to reflect the increase in value of Mr. Choate's benefit, which was not paid out until after the date on which he would have been 701/2 years old.

34. Section 6.2 of the Plan document indicates that spousal benefits of a deceased vested participant are payable the month following the date such participant would have achieved his normal retirement date.

35. Ronald Choate would have reached normal retirement age in July of 2011. Under the terms of the Plan, due to his death prior to retirement, the payment to Ms. Choate was to commence as of the first day of the month coincident with or next following the earliest date on which Mr. Choate could have begun receiving his benefit under the Plan. Therefore, Ms. Choate was entitled to benefits retroactive to August 1, 2011, not just to June of 2015.

36. On February 9, 2016, within 60 days of receiving the Plan Document containing the appeal procedures, Plaintiff filed her appeal with Defendants seeking to correct the calculation, and

requesting the unpaid retroactive pension benefit under the terms of the Howard University Employees' Retirement Plan ("the Plan") and corresponding interest.

37. Defendants have never responded to Plaintiff's appeal.

**CLAIM ONE**
**IMPROPER DENIAL OF BENEFIT CLAIM**

38. The preceding factual allegations are hereby included as if set forth at length.

39. Under ERISA §503, 29 U.S.C. §1132, administrators are to establish claims and appeals procedures for participants and beneficiaries to follow to secure benefits under the plan.

40. Defendants did not follow the terms of the Plan when calculating Mr. Choate's benefits, as it failed to include his income for plan years 1985 to 1987, without explanation.

41. Defendants did not follow the terms of the Plan when calculating Ms. Choate's survivor benefits, as it failed to follow the terms of the plan that would have resulted in Ms. Choate's benefits commencing in July, 2012, and not June 2015.

42. Defendants failed to adjust Ms. Choate's retirement benefits actuarially to reflect the payment's retroactive start date.

43. Defendants failed to include a calculation of interest for the late payments.

44. Ms. Choate appealed the calculation of the survivor benefit when she filed her appeal on February 9, 2016, less than 180 days following the denial of her claim.

45. Defendants did not respond to Plaintiff's appeal, which Plaintiff considers to have been denied by Defendants.

**CLAIM TWO**
**BREACHES OF ERISA'S FIDUCIARY DUTIES**

46. The preceding factual allegations are hereby included as if set forth at length.

47. Under ERISA §503, 29 U.S.C. §1132 administrators of ERISA plans must provide a full and fair review of denied benefit claims.
48. Under ERISA §503, 29 U.S.C. §1132, administrators are to establish claims and appeals procedures for participants and beneficiaries to follow to secure benefits under the plan.
49. Defendants did not follow the terms of the Plan when responding to Ms. Choate.
50. Defendants failed to provide a full and fair review of Ms. Choate's claim for benefits, specifically ignoring the regulation requirements that would require the untimely payment of retirement benefits to include actuarial adjustments.
51. In September, 2015 Plaintiff requested a copy of Mr. Choate's pension calculation and the "regulations governing retroactive survivor benefit payment." Additionally she requested a copy of the "Benefits Package" that was in effect at the time Mr. Choate became an employee.
52. Defendants did not provide Ms. Choate with a response to her request.
53. Plaintiff, through her counsel, sent letters requesting documents pursuant to ERISA on both December 15, 2015, and again on December 22, 2015.
54. Defendants failed to provide the requested documents to Plaintiff.
55. Plaintiff seeks the documents that were not provided and the penalty under ERISA Section 502(c), retroactive to her original request for documents on September 7, 2015.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court:

1. ORDER that Defendants pay of Plaintiff's retroactive pension benefits and interest, in accordance with the plan and governing regulations.

2. ORDER that Defendants provide Plaintiff with a copy of all of the governing plan documents and a copy of Mr. Choate's pension calculation.

3. Award Plaintiff penalties of up to $110 per day for each day her document requests were denied.

4. ORDER the Defendants to pay attorneys' fees and expenses.

4. Declare that the administration of the plan to be inconsistent with the plan documents and therefore a breach of fiduciary duty.

5. Declare that the fiduciaries failed to comply with their duties under ERISA to ensure that the Plan was administered consistently with ERISA, specifically by failing to comply with ERISA's claims and appeals regulations.

6. Award to the Plan such other equitable and remedial relief as the Court deems appropriate.

DATED**:** April 17, 2017

Respectfully submitted,

/s/Denise M. Clark

Denise M. Clark (420480)
Jude Nwaokobia (1044092)
Clark Law Group, PLLC
1250 Connecticut Ave., N.W, Suite 200
Washington, D.C. 20036
Telephone: (202) 293-0015; Fax: (202) 293-0115
dmclark@benefitcounsel.com